FILED

04/04/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 5, 2019

**STATE OF TENNESSEE v. KEVIN GANTT**

**Appeal from the Circuit Court for Madison County**
**No. 18-11     Roy B. Morgan, Jr., Judge**

_____

**No. W2018-01158-CCA-R3-CD**

_____

On March 26, 2018, the Defendant, Kevin Gantt, pleaded guilty to soliciting sexual exploitation of a minor.  The trial court sentenced him as a Range I, standard offender to two years at 30% in the Department of Correction and required that he register as a sex offender.  The Defendant argues on appeal that the trial court erred in sentencing him to the maximum sentence of two years and in denying his request for judicial diversion.  After thorough review, we affirm the sentencing decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

George M. Googe, District Public Defender; Jeremy B. Epperson, Assistant District Public Defender, for the appellant, Kevin Gantt.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Lee R. Sparks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On December 28, 2017, a Madison County grand jury indicted the Defendant for one count of soliciting sexual exploitation of a minor "by means of electronic communication, electronic mail, or internet services, including webcam communications[.]"  According to the record, the then 22-year-old Defendant and the 15-year-old victim exchanged nude images via various means on their respective cell

phones. The trial court entered an order on February 5, 2018, requesting forensic mental evaluations of the Defendant to determine if he was competent to stand trial, his mental condition at the time of the offense, and whether he had a diminished capacity. The State filed a notice with the court on March 20, 2018, relaying that the State was unable to find any criminal history for the Defendant. The Defendant entered a blind guilty plea on March 26, 2018, and agreed that the factual allegations in the indictment were "substantially correct[.]"

On March 27, 2018, the State filed a Notice of Enhancement Factors with the trial court, listing that the victim was "particularly vulnerable because of age[,]" and "the offense involved a victim and was committed to gratify the [D]efendant's desire for pleasure or excitement." On the same day, the Defendant filed a Notice of Mitigating Factors, listing that the Defendant's conduct did not cause or threaten serious bodily injury, the Defendant lacked "substantial judgment" because of his youth, the Defendant was suffering from a mental condition, and "any other [consistent] factor[.]"

The trial court held a sentencing hearing on April 27, 2018. The State recommended the maximum two-year sentence, while the Defendant requested that he be granted judicial diversion and not be required to register as a sex offender. The Defendant's presentence report was admitted as an exhibit, and it indicated that the Defendant graduated from high school after completing a special education program. The report stated that the Defendant had behavioral issues while in school but was able to procure a residence and full-time employment at Jackson-Madison County General Hospital with the aid of Quinco Mental Health Center following graduation. He later left the residence and quit his job.

The presentence report also contained the findings from the Defendant's court-ordered mental evaluations. Dr. Richard Drewery found the Defendant to "have sufficient present ability to consult with his attorney . . . and a rational as well as factual understanding of the proceedings against him." Further, Dr. Drewery found that the Defendant "was able to appreciate the nature or wrongfulness" of the criminal acts while he was committing them, and the "available evidence d[id] not suggest that [the Defendant] had a mental disease and/or defect that interfered with his capacity to form the requisite culpable mental state[.]" Dr. Drewery also recommended that the Defendant "receive some type of anger management treatment."

The presentence report further indicated that the Defendant's parents were both deceased, and his 77-year-old grandmother was "the only relative [the] Defendant can depend on." At the time of the report, he resided with his grandmother and 16-year-old brother, and the Defendant's other brother was incarcerated. The report noted a history of "angry outbursts/assaults on the part of the Defendant to the grandparents and both

brothers." The report surmised that the Defendant "will be homeless if placed on the sex offender registry." However, the report stated that the Defendant "ha[d] numerous open [Facebook] accounts with many young women/girls as friends" at the time the report was compiled. The Defendant's risk and needs assessment was included in the presentence report and recommended that the Defendant receive counseling and medication management and be disallowed from any internet use or contact with underage girls.

After reviewing the presentence report and the parties' arguments, the trial court agreed with defense counsel that the State's proposed enhancement factors were elements of the offense and therefore inapplicable to the instant case. With respect to defense counsel's proposed mitigating factors, namely that the Defendant's conduct did not cause or threaten serious bodily injury, the Defendant lacked "substantial judgment" because of his youth, the Defendant was suffering from a mental condition, and "any other [consistent] factor," the trial court noted that Dr. Drewery's findings indicated the Defendant was able to form the "requisite culpable mental state" for soliciting sexual exploitation of a minor. Further, the trial court stated that it was unable to conclude whether the Defendant's offense threatened serious bodily injury and accordingly did not weigh that factor "for or against" the Defendant. In sum, the trial court "f[ou]nd nothing in the record . . . that c[ould] be weighed heavily as far as a mitigating factor."

At the close of the sentencing hearing, the Defendant was sentenced to the maximum two years at 30% in the Department of Correction and required to register as a sex offender.

## ANALYSIS

The Defendant argues on appeal that the trial court improperly sentenced him to the maximum two years and sex offender registration requirement. He further argues that the trial court erred in denying him an alternative sentence, namely judicial diversion, and a sentence less than the two-year maximum because of the lack of enhancement factors. Specifically, the Defendant asserts that the "proper sentence would have been a suspended sentence coupled with treatment for mental health issues." The State responds that the trial court considered the applicable factors and accordingly imposed a sentence that was within the appropriate range and in compliance with the principles and purposes of the Sentencing Act. We agree with the State.

Under the 2005 amendments to the Sentencing Act, a trial court is to consider the following when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b).

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and the sentencing decision of the trial court will be upheld "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." State v. Bise, 380 S.W.3d 682, 709-10 (Tenn. 2012). Although the trial court should consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; see also Bise, 380 S.W.3d at 701. Moreover, a trial court is "guided by—but not bound by—any applicable enhancement factors when adjusting the length of a sentence[,]" and its "misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." Bise, 380 S.W.3d at 706. Accordingly, we review the length of the sentences ordered by the trial court under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Id. at 707.

The Defendant asserts that the trial court should have utilized his proposed mitigating factors, namely that his actions did not cause or threaten serious bodily injury, that he lacked "substantial judgment" because of his youth, that he was suffering from a mental condition, and "any other [consistent] factor[.]" The Defendant also seems to assert that he should have automatically been granted the minimum sentence due to the lack of enhancement factors. As we have laid out, the trial court did not weigh the

serious bodily injury factor either for or against the Defendant, as the trial court stated it was unknown whether the Defendant's behavior could have threatened serious bodily injury. With respect to the judgment and mental condition factors, the trial court reviewed Dr. Drewery's mental evaluation results and, as is its province, found that the factors did not provide mitigation because Dr. Drewery's report evidenced that the Defendant was able to understand the proceedings against him, form the requisite culpable mental state, and appreciate the wrongfulness of his actions.

The sentencing range for soliciting sexual exploitation of a minor, a Class E felony, committed by a Range I, standard offender is between one and two years. Tenn. Code Ann. § 40-35-112(a)(5). The record reflects that the trial court properly considered the enhancement and mitigating factors, finding none to be applicable. However, in reviewing the circumstances of the offense and the sentencing guidelines, the trial court found that the State was "correct in asking for a 2-year sentence[,]" as the State noted the Defendant's lack of family and financial support and his problems with anger management. As we have stated, the trial court is granted broad discretion to impose a sentence within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and will be upheld by the court as long as the sentence is within the applicable range and is in compliance with the principles and purposes of the Sentencing Act. The Defendant's two-year sentence was within the applicable range, and the trial court clearly took the principles and purposes of the Sentencing Act into account when determining the length of the sentence. Again, our standard of review is abuse of discretion with a presumption of reasonableness, and we conclude that the record supports the trial court's determination of a two-year sentence length.

With regards to alternative sentencing, we note that under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary[.]" Tenn. Code Ann. § 40-35-102(6). In determining if incarceration is appropriate in a given case, a trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Id. § 40-35-103(1). Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. Id. § 40-35-103(5).

The trial court noted that although the Defendant did not have a criminal history, he was at risk for committing additional crimes based on the evidence presented at the sentencing hearing. Based on Dr. Drewery's findings, the trial court voiced its concerns regarding the Defendant's lack of potential for rehabilitation and whether he would be able to abide by the terms of probation. The trial court also noted that measures less restrictive than confinement had not been frequently applied in similar cases, and the court reasoned that confinement was an effective deterrent for others committing similar offenses, whereas an alternative sentence would depreciate the "very serious" nature of soliciting sexual exploitation of a minor.

Pursuant to Tennessee Code Annotated section 40-35-313(a)(1)(B)(i)(a)-(e), a defendant is eligible for judicial diversion when he or she is found guilty or pleads guilty or nolo contendere to a Class C, D, or E felony; is not seeking deferral for an offense committed by an elected official; is not seeking deferral for a sexual offense; has not been convicted of a felony or a Class A misdemeanor previously and served a sentence of confinement; and has not been granted judicial diversion or pretrial diversion previously. Additionally, in determining whether to grant a defendant judicial diversion, the trial court must consider all of the following factors: (1) the defendant's amenability to correction, (2) the circumstances of the offense, (3) the defendant's criminal record, (4) the defendant's social history, (5) the status of the defendant's physical and mental health, (6) the deterrence value to the defendant and others, and (7) whether judicial diversion will serve the interest of the public as well as the defendant. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998) (citing State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996)).

The record must reflect that the trial court has taken all of the factors into consideration, and "we may not revisit the issue if the record contains any substantial evidence supporting the trial court's decision." Id. Furthermore, "[t]he court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others." Id. When reviewing a trial court's decision to grant or deny judicial diversion, the standard of review is abuse of discretion with a presumption of reasonableness. State v. King, 432 S.W.3d 316, 327 (Tenn. 2014). However, if the

trial court failed to weigh and consider the relevant factors, this court may conduct a de novo review or remand the case for reconsideration. Id. at 328.

The trial court noted that the Defendant was eligible for judicial diversion but reminded the Defendant that such eligibility did "not mandate that he be granted judicial diversion." The trial court found that the Defendant was not amenable to correction and did not weigh the factor in his favor, noting its concern that the Defendant was at risk of committing another crime based on Dr. Drewery's findings of his need for medication management and treatment for anger management and aggression. The trial court also found that the circumstances of the offense weighed against the Defendant due to its nature, namely his exchanging nude photographs with a 15-year-old girl. The trial court found that the Defendant's lack of a criminal record weighed in his favor. The court noted its concerns regarding the Defendant's social history, specifically "the status of [the Defendant's] education and training and experience[,]" and did not weigh the factor in his favor. With respect to the Defendant's physical and mental health, the trial court referenced the Defendant's mental health "issues" discussed by both the State and defense counsel during the sentencing hearing and did not weigh the factor in his favor. Finally, the trial court noted the importance of any sentence for soliciting sexual exploitation of a minor deterring others from committing the same or similar offenses due to the "very serious" nature of the offense. The trial court further questioned "whether or not judicial diversion w[ould] serve the interest of the public as well as the accused."

As evidenced by the record on appeal, the trial court thoroughly considered and weighed the principles and factors of sentencing and all the evidence before it prior to denying alternative sentencing and ordering incarceration, and the court stated its reasons for doing so. The trial court's denial of alternative sentencing and imposition of a within-range sentence of confinement is entitled to a presumption of correctness absent an abuse of discretion, and we accordingly affirm the trial court's sentencing decision.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the sentencing decision of the trial court.

_____
ALAN E. GLENN, JUDGE

- 7 -